SAHM MANOUCHEHRI, ESQ.  SBN 229218
1901 Avenue of the Stars, Second Floor
Los Angeles, California 90067
Telephone:     (310) 461-1461
Facsimile:     (310) 461-1462
Email: sm@smmlegal.net

Attorneys for Defendant and Counterclaimant
DESERT EUROPEAN MOTORCARS, INC.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desert European Motorcars, Ltd., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>Desert European Motorcars, Inc., dba Desert European Motorcars, an Arizona corporation; and DOES 1-10, inclusive,<br><br><br>                    Defendants | Case No.: EDCV 11-197 RSWL (DTBx)<br><br><br>**DESERT EUROPEAN MOTORCARS, INC.'S ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |
| Desert European Motorcars, Inc., dba Desert European Motorcars, an Arizona corporation,<br><br>                    Counterclaimant,<br>          v.<br><br>Desert European Motorcars, Ltd., a California corporation,<br><br>                    Counterdefendant. | |

1

1    COMES NOW Defendant Desert European Motorcars, Inc., dba Desert European

2 Motorcars, an Arizona corporation ("Defendant") for itself and for and for no other defendant,

3 answering the First Amended Complaint ("FAC") on file in this matter as follows:

4                          <u>**ANSWER TO JURISDICTION AND VENUE**</u>

5    1.   Answering paragraph 1 and the preceding paragraph of the FAC, Defendant denies

6 each and every allegation contained therein, and expressly denies relief in the present action is

7 afforded under 15 U.S.C.§§ 1051 et. seq.

8    2.   Answering paragraph 2 of the FAC, Defendant denies each and every allegation

9 contained therein.

10    3.   Answering paragraph 3 of the FAC, Defendant denies each and every allegation

11 contained therein, and expressly denies that Defendant conducts business in the state of California

12 and denies that venue is proper in this District under 28 U.S.C. § 1391.

13                               <u>**ANSWER TO PARTIES**</u>

14    4.   Answering paragraph 4 and the preceding heading of the FAC, Defendant lacks

15 sufficient knowledge or information to form a belief as to the truth of the allegations and, on that

16 basis, Defendant denies each and every allegation contained in paragraph 4 of the FAC.

17    5.   Answering paragraph 5 of the FAC, Defendant admits that it is a corporation duly

18 organized under the laws of the State of Arizona, with its principal place of business located in

19 Tucson, Arizona, and that it is an automobile dealership. Except as specifically admitted herein,

20 Defendant denies each and every allegations set forth in paragraph 5 of the Complaint.

21    6.   Answering paragraph 6 of the FAC, Defendant lacks sufficient knowledge or

22 information to form a belief as to the truth of the allegations and, on that basis, Defendant denies

23 each and every allegation contained in paragraph 6 of the FAC.

24    7.   Answering paragraph 7 and the preceding heading of the FAC, Defendant lacks

25 sufficient knowledge or information to form a belief as to the truth of the allegations and, on that

26 basis, Defendant denies each and every allegation contained in paragraph 7 of the FAC.

27 / / /

28

## ANSWER TO FIRST CLAIM FOR RELIEF

8.   Referring to Paragraph 8 and the preceding heading of the FAC, Defendant realleges and incorporates by reference herein its Answer to Paragraphs 1 through 7 of this Answer as though they were here fully set forth.

9.   Answering paragraph 9 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Defendant denies each and every allegation contained in paragraph 9 of the FAC.

10. Answering paragraph 10 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Defendant denies each and every allegation contained in paragraph 10 of the FAC.

11. Answering paragraph 11 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that it was on either actual or constructive notice that Plaintiff had registered with the United States Patent and Trademark Office and was so protected.

12. Answering paragraph 12 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Defendant denies each and every allegation contained in paragraph 12 of the FAC.

13. Answering paragraph 13 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that it infringes upon Plaintiff's registered trademark under the name "Desert European Motorcars."

14. Answering paragraph 14 of the FAC, Plaintiff has failed to interpose an allegation at paragraph 14 and Defendant denies each and every allegation contained therein.

15. Answering paragraph 15 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant has or continues to infringe upon Defendant's registered trademark, or that the infringing activities occur in this District.

16. Answering paragraph 16 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that any of its activities infringe upon Plaintiff's trademark or are likely to cause confusion, mistake, or deception among consumers, or that there are instances of actual confusion, and denies that internet search engine results extol Plaintiff's reputation.

3

17. Answering paragraph 17 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Plaintiff's prior cease and desist letter dated July 31, 2007 provided legal and constructive notice of Plaintiff's registration with the United States Patent and Trademark Office.

18. Answering paragraph 18 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant has obtained any advantage or profit from Plaintiff's alleged national advertising, sales, and consumer recognition, denies that it is infringing on Plaintiff's trademark, and denies that there has been any confusion, mistake, or deception resulting in profits to Defendant.

19. Answering paragraph 19 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant has obtained any advantage or profit from Plaintiff's alleged national advertising, sales, and consumer recognition, denies any infringement on Plaintiff's trademark, denies that there has been any confusion, mistake, or deception resulting in profits to Defendant, denies that Plaintiff has been deprived of substantial sales and/or license fees, and denies that Plaintiff has been deprived of its trademark as a commercial asset.

20. Answering paragraph 20 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant is infringing on Plaintiff's trademark and denies that Plaintiff has inadequate relief without placement of a permanent injunction, and denies that monetary damages are inadequate.

21. Answering paragraph 21 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that any alleged infringement was intentional, willful, and/or deliberate, and denies that this case should be declared an "exceptional case" pursuant to 15 U.S.C. § 1117, and denies that Defendant should be ordered to pay Plaintiff's attorney's fees and costs.

## ANSWER TO SECOND CLAIM FOR RELIEF

22. Referring to Paragraph 22 and the preceding heading of the FAC, Defendant realleges and incorporates by reference herein its Answer to Paragraphs 1 through 21 of this Answer as though they were here fully set forth.

23. Answering paragraph 23 of the FAC, Defendant denies each and every allegation contained

therein, and expressly denies that Defendant has engaged in ongoing unlawful and unfair business practices in violation of 15 U.S.C. § 1125.

24. Answering paragraph 24 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant has conducted any unlawful or unfair business practices, denies that Plaintiff has been directly and proximately damaged as a result of any of Defendant's actions, denies that Plaintiff has been damaged in any amount let alone in an amount in excess to the jurisdictional limit of this court, and denies that Defendant has made substantial profits as a direct and proximate results of any illegal or unfair business practice.

25. Answering paragraph 25 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant is infringing on Plaintiff's trademark and denies that Plaintiff has inadequate relief without placement of a permanent injunction, and denies that monetary damages are inadequate.

26. Answering paragraph 26 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that any alleged infringement was intentional, willful, and/or deliberate, and denies that this case should be declared an "exceptional case" pursuant to 15 U.S.C. § 1117, and that Defendants should be ordered to pay Plaintiff's attorney's fees and costs.

## ANSWER TO THIRD CLAIM FOR RELIEF

27. Referring to Paragraph 27 and the preceding heading of the FAC, Defendant realleges and incorporates by reference herein its Answer to Paragraphs 1 through 26 of this Answer as though they were here fully set forth.

28. Answering paragraph 28 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant has engaged in ongoing trademark infringement in violation of common law.

29. Answering paragraph 29 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant activities are likely to cause confusion, mistake, or deception among consumers in any way, and denies that its activities will lead to consumer confusion with the Plaintiff and Plaintiff's goods/services.

30. Answering paragraph 30 of the FAC, Defendant denies each and every allegation contained

1  therein, and expressly denies that Defendant has obtained any advantage or profit from Plaintiff's

2  alleged national advertising, sales, and consumer recognition, denies that it is infringing on

3  Plaintiff's trademark, and denies that there has been any confusion, mistake, or deception resulting

4  in profits to Defendant.

5       31. Answering paragraph 31 of the FAC, Defendant denies each and every allegation contained

6  therein, and expressly denies that Defendant has obtained any advantage or profit from Plaintiff's

7  alleged national advertising, sales, and consumer recognition, denies any infringement on

8  Plaintiff's trademark, denies that there has been any confusion, mistake, or deception resulting in

9  profits to Defendant, denies that Plaintiff has been deprived of substantial sales and/or license fees,

10  and denies that Plaintiff has been deprived of its trademark as a commercial asset.

11       32. Answering paragraph 32 of the FAC, Defendant denies each and every allegation contained

12  therein, and expressly denies that Defendant is infringing on Plaintiff's trademark and denies that

13  Plaintiff has inadequate relief without placement of a permanent injunction, and denies that

14  monetary damages are inadequate.

15  **ANSWER TO FOURTH CLAIM FOR RELIEF**

16       33. Referring to Paragraph 33 and the preceding heading of the FAC, Defendant realleges and

17  incorporates by reference herein its Answer to Paragraphs 1 through 32 of this Answer as though

18  they were here fully set forth.

19       34. Answering paragraph 34 of the FAC, Defendant denies each and every allegation contained

20  therein, and expressly denies that Defendant has engaged in activities which are an unfair

21  competition against Plaintiff under California Business and Professions Code section 17000 et. seq.

22       35. Answering paragraph 35 of the FAC, Defendant denies each and every allegation contained

23  therein, and expressly denies that Defendant's have been or are willful, intentional, malicious, nor

24  designed to harm Plaintiff, and denies that Plaintiff is entitled to treble damages pursuant to

25  California Business and Professions Code section 17082.

26       36. Answering paragraph 36 of the FAC, Defendant denies each and every allegation contained

27  therein, and expressly denies that  Plaintiff is entitled to attorney fees and costs pursuant to

28  California Business and Professions Code section 17082.

**DESERT EUROPEAN MOTORCARS, INC.'S ANSWER AND**
**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

37. Answering paragraph 37 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Plaintiff is entitled to an injunction and/or restitution under California <u>Business and Professions</u> Code section 17000 et. seq.

## ANSWER TO FIFTH CLAIM FOR RELIEF

38. Referring to Paragraph 38 and the preceding heading of the FAC, Defendant realleges and incorporates by reference herein its Answer to Paragraphs 1 through 37 of this Answer as though they were here fully set forth.

39. Answering paragraph 39 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies Defendant's action constitute unfair competition at common law, denies that Plaintiff has suffered in any way nor will suffer in the future, and denies that Plaintiff has been irreparably injured.

40. Answering paragraph 40 of the FAC, Defendant denies each and every allegation contained therein, and expressly denies that Defendant's conduct was willful, intentional, or malicious, nor designed to harm Plaintiff, and denies that awarding of punitive damages and/or attorney's fees and costs at trial is justified.

41. Defendant denies all remaining allegations and demands for relief as stated in the FAC.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Relief)

1. Defendant alleges that the FAC fails to state facts sufficient to constitute any claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2. Defendant alleges that by virtue of Plaintiff's conduct, the FAC and each purported claim for relief alleged therein are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3. Defendant alleges that Plaintiff has failed to mitigate its damages, if any.

7

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

4. Defendant alleges that Plaintiff has waived any claims against Defendant arising out of the matters alleged in the FAC.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

5. Defendant alleges that Plaintiff is estopped from asserting any claims against Defendant arising out of the matters alleged in the FAC.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6. Defendant alleges that the FAC, and each purported claim for relief alleged therein, are barred by the applicable statutes of limitation.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7. Defendant alleges that the FAC, and each purported claim for relief alleged therein, are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

8. Defendant alleges that it acted in good faith with respect to the matters asserted in the FAC.

**NINTH AFFIRMATIVE DEFENSE**

**(Privilege)**

9. Defendant alleges that the acts alleged in the FAC are privileged.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction)**

10. Defendant alleges that the Court lacks personal jurisdiction over Defendant and Defendant hereby expressly reserves its right under Federal Rules of Civil Procedure Rule 12(b)(2).

/ / /

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Likelihood of Confusion)**

11. Defendant alleges that there is no likelihood of confusion on the part of consumers arising out of the conduct alleged in the FAC.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

12. Defendant alleges that, to the extent it used any of Plaintiff's trademarks or other intellectual property, such use was and is a fair use and, therefore, not actionable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

13. Defendant alleges that, to the extent it used any of Plaintiff's trademarks or other intellectual property, Plaintiff acquiesced in such use.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Innocent Intent)**

14. Defendant alleges that any use of Plaintiff's purported trademark (which use is expressly denied) occurred with innocent intent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Descriptive)**

15. Defendant alleges that Plaintiff's purported trademark is descriptive and therefore not protectable.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Fraud)**

16.  Defendant is informed and believes and thereon alleges that the claims found within the FAC are barred by Plaintiff's fraud.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Trademark Misuse)**

17.  Defendant is informed and believes and thereon alleges that the claims are barred by the doctrine of trademark misuse.

9

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Invalidity of Trademark)**

18.  Defendant is informed and believes and thereon alleges that the claims are barred by the invalidity of Plaintiff's purported marks.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.  Plaintiff's remedies, if any, at law are adequate.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.  Plaintiff has not and will not suffer irreparable harm.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.  Plaintiff's trademark claims based on Plaintiff's purported "Desert European Motorcars" is barred because the mark is not distinctive and has not acquired a secondary meaning.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.  Defendant is informed and believes and thereon alleges that all claims are barred by 15 U.S.C. § 1115.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.  Defendant is informed and believes and thereon alleges that this Court is improper venue for this action and Defendant hereby expressly reserves its right under Federal Rules of Civil Procedure Rule 12(b)(3).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.  Defendant is informed and believes and thereon alleges that Defendant is a "good faith junior user" entitled to common law protection based upon its good faith innocent use of "Desert European Motorcars" prior to Plaintiff's registration with the United States Patent and Trademark Office.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.  Defendant is informed and believes and thereon alleges that all claims are barred by 15 U.S.C.

§ 1057.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.  Defendant is informed and believes and thereon alleges that Defendant and Plaintiff were both concurrent users prior to Plaintiff's registration with the United States Patent and Trademark Office.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.  Defendant is informed and believes and thereon alleges that all claims are barred by 15 U.S.C. § 1067.

**TWENTY-EIGTH AFFIRMATIVE DEFENSE**

28.  Defendant is informed and believes and thereon alleges that all claims are barred by 15 U.S.C. § 1069.


WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's FAC with prejudice as to Defendant, dismissing each and every count and claim and request for relief asserted against Defendant and award Defendant its costs and attorneys' fees.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

For its counterclaim in this action, Defendant and Counterclaimant Defendant Desert European Motorcars, Inc. ("DEMI") alleges as follows:

**I.**

**INTRODUCTION**

1.  DEMI first began using the mark "Desert European Motorcars" in or about March 2006.

2.  DEMI began using the mark "Desert European Motorcars" without any knowledge or notice of Counterdefendant's use.

3.  DEMI has used the mark "Desert European Motorcars" continuously since in or about

1   March 2006.

2      4.   On or about July 31, 2007, Counterdefendant Desert European Motorcars, Ltd.'s

3   ("Counterdefendant") counsel, Michael J. Adelson of Best Best & Krieger, LLP, forwarded a cease

4   and desist letter to DEMI regarding DEMI's use of the mark "Desert European Motorcars."

5      5.   On September 5, 2007, DEMI's local counsel, Abert H. Hartwell, Jr., Esq., forwarded a

6   reply letter to Mr. Adelson stating that not only was the mark descriptive but that Mr. Hartwell's

7   research had revealed that Counterdefendant had never registered with the United States Patent and

8   Trademark Office ("USPTO") and that DEMI was thus protected under 15 U.S.C. § 1114.

9      6.   On October 31, 2007, Counterdefendant filed an application with the USPTO to register the

10   trademark "Desert European Motorcars" in stylized format that is in a different style than the one

11   used by DEMI.

12      7.   On February 1, 2011, Counterdefendant filed its original Complaint in this action.

13
II.

14
**THE PARTIES**

15      8.   DEMI is a corporation organized under the laws of the State of Arizona and is a used car

16   dealership in Tucson, Arizona.

17      9.   Although DEMI has a website, as do all companies, DEMI's business is conducted

18   exclusively in the State of Arizona.

19      10. Based upon information and belief, Counterdefendant is a California corporation that runs a

20   new and used car dealership in Rancho Mirage, California.

21      11. Tucson, Arizona is approximately 350 miles away from Rancho Mirage, California.

22      12. Both dealerships sell primarily, if not only, European motorcars.

23      13. Both dealerships are located within a desert.

24      14. Based upon information and belief and thereon alleged, Counterdefendant has never used

25   the mark "Desert European Motorcars" in the Tucson, Arizona area.

26      15.  Based upon information and belief and thereon alleged, Counterdefendant has not

27   conducted any business in the Tucson, Arizona area.

28

12

16.  Based upon information and belief and thereon alleged, Counterdefendant has not obtained nationwide recognition or recognition within the Tucson, Arizona area of its purported trademark.

17. Based upon information and belief and thereon alleged, Counterdefendant has not obtained "secondary meaning" of its purported trademark.

### PETITION TO CANCEL REGISTERED TRADEMARK WITH USPTO

18.  DEMI intends to file a Petition to Cancel Counterdefendant's purported trademark, or in the alternative, a petition to concurrently use the term "Desert European Motorcars."

### CLAIM FOR RELIEF

### (Declaratory Relief Against Desert European Motorcars, Ltd.)

19. DEMI incorporates by this reference Paragraphs 1 through 18 as though fully set forth herein.

20.  Counterdefendant alleges that the DEMI infringes on its trademark of "Desert European Motorcars" and has filed an action in federal court.

21.  An actual and justiciable controversy has arisen and now exists between DEMI and Counterdefendant concerning whether DEMI's use of the term "Desert European Motorcars" infringes Counterdefendant's purported trademark.

22.  Because the above activities and actions have created an actual and justiciable controversy, DEMI seeks a declaration to the effect that DEMI's use of the term "Desert European Motorcars" at its retail location and on the internet does not infringe Counterdefendant's trademark, or any trademark rights purportedly owned by Counterdefendant and that Counterdefendant's actions as alleged hereinabove constitute a misuse of Counterdefendant's trademark and should be enjoined.

### PRAYER FOR RELIEF

WHEREFORE, Desert European Motorcars, Inc. prays for relief as follows:

A. For a judicial determination and a declaration that:

**DESERT EUROPEAN MOTORCARS, INC.'S ANSWER AND
COUNTERCLAIM FOR DECLARATORY JUDGMENT**

i.      Desert European Motorcars, Inc.'s use of the term "Desert European Motorcars" does not infringe Desert European Motorcars, Ltd.'s purported trademark, or any trademark rights purportedly owned by Desert European Motorcars, Ltd.;

ii.     Desert European Motorcars, Ltd.'s actions as alleged in its First Amended Complaint constitute unfair misuse of Desert European Motorcars, Ltd.'s purported trademark and should be enjoined;

iii.    Desert European Motorcars, Inc.'s use of the trademark is protected under 15 U.S.C. §1115; and

iv.     Desert European Motorcars, Ltd. and any of its affiliates be enjoined from using the mark "Desert European Motorcars" in Tucson, Arizona and the surrounding areas.

B. For preliminary and permanent injunctive relief restraining and enjoining Desert European Motorcars, Ltd.'s from attempting to enforce an injunction against, or otherwise prevent Desert European Motorcars, Inc. from using the term "Desert European Motorcars";

C. For costs of suit and reasonable attorneys' fees pursuant to the provisions of any applicable statute or law; and

D. For all such other and further relief as the Court deems just and proper.

Dated:  June 29, 2011

By:     /s/ Sahm Manouchehri
_____
 SAHM MANOUCHEHRI
Attorney for Defendant and
Counterclaimant
DESERT EUROPEAN MOTORCARS,
INC.

1

# **DEMAND FOR JURY TRIAL**

2

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant/Counterclaimant

3

hereby demands trial by jury on all issues in this action so triable.

4

Dated:  June 29, 2011

5

6

By:     /s/ Sahm Manouchehri

7

_____

SAHM MANOUCHEHRI

8

Attorney for Defendant and
Counterclaimant

9

DESERT EUROPEAN
MOTORCARS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

15

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067.

On June 29, 2011, I served the foregoing document(s) described as **DESERT EUROPEAN MOTORCARS, INC.'S ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT** on the interested party(ies) in this action by placing [ ] the original [X] true copy(ies) thereof enclosed in sealed envelopes:

G. Henry Welles                                        Attorneys for Plaintiff and
Best Best & Krieger, LLP                       Counterdefendant Desert
74-760 Highway 111, Suite 200             European Motorcars, Ltd.
Indian Wells, CA 92210
Fax: 760.340.6698
henry.welles@bbklaw.com

[X]      BY U.S. MAIL [ ] FEDERAL EXPRESS [ ] EXPRESS MAIL.  I placed such envelope(s) for collection and mailing this date following ordinary business practices.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be collected and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067 in the ordinary course of business.

[ ]      BY OVERNIGHT MAIL.  I placed such envelope(s) for collection and mailing this date following ordinary business practices.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be collected and deposited with Federal Express on that same day with postage thereon fully prepaid at 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067 in the ordinary course of business.

[ ]      BY PERSONAL SERVICE.  I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) shown herein.

[ ]      BY TELECOPIER (FAX).  I caused such true copy(ies) thereof to be sent on this date via facsimile from (310) 461-1462 to the facsimile number(s) shown herein.  Upon completion of the said facsimile machine transmission, the transmitting machine issued a confirmation report showing the transmission was complete and without error.  Copy(ies) of said confirmation report(s) is/are attached hereto.

[X] BY EMAIL.  I caused such true copy(ies) thereof to be sent on this date via email from sm@smmlegal.net to the email address(s) shown herein.  All counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

**DESERT EUROPEAN MOTORCARS, INC.'S ANSWER AND
COUNTERCLAIM FOR DECLARATORY JUDGMENT**

[X]     (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 29, 2011, at Los Angeles, California.


                                                    _____/s/_____
                                                            Natalie Coolidge

**DESERT EUROPEAN MOTORCARS, INC.'S ANSWER AND
COUNTERCLAIM FOR DECLARATORY JUDGMENT**