Best Best & Krieger LLP
G. HENRY WELLES, Bar No. 157193
Henry.Welles@bbklaw.com
74-760 Highway 111
Suite 200
Indian Wells, CA 92210
Telephone: (760) 568-2611
Telecopier: (760) 340-6698

Attorneys for Plaintiff
DESERT EUROPEAN MOTORCARS,
LTD., a California corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desert European Motorcars, Ltd., a California corporation,<br><br>   Plaintiff,<br><br>v.<br><br>Desert European Motorcars, Inc., dba Desert European Motorcars, an Arizona corporation; and DOES 1-10 inclusive,<br><br>   Defendants. | Civil Action No.<br>EDCV 11-197 RSWL (DTBx)<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE  OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**<br><br>**REGARDING ANSWER AND COUNTERCLAIM OF DESERT EUROPEAN MOTORCARS, INC.**<br><br>**Date: Tuesday August 16, 2011**<br>**Time: 10:00 a.m.**<br>**Dept.: 21** |

Best Best & Krieger LLP
Attorneys At Law
Indian Wells

1

## TABLE OF CONTENTS

2

**Page**

3

A.    INTRODUCTION ...................................................................3

B.    THE LAW ON MOTIONS TO STRIKE OR FOR MORE DEFINITE STATEMENT ............................................................4

C.    THIS COURT SHOULD STRIKE ALL OF THE AFFIRMATIVE DEFENSES IN THE ANSWER ........................5

D.    THIS COURT SHOULD STRIKE ADDITIONAL PORTIONS OF THE ANSWER AND COUNTERCLAIM UNDER FRCP 12(f) ...............................................................16

E.    CONCLUSION ....................................................................18

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
74-760 HIGHWAY 111, SUITE 200
INDIAN WELLS, CA 92210

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Aschroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ........................................................................4

*Barnes v. AT&T Pension Benefit Plan,*
   2010 U.S. Dist. LEXIS 62515 (N.D. Cal. June 21, 2010) ...................4, 6

*Bell Atlantic Corp v. Twombly,*
   550 U.S. 554 (2007) ..........................................................................4

*Bureerong v. Uvawas,*
   922 F. Supp. 1450 (C.D. Cal. 1996)...................................................5

*Cache La Poudre Feeds, LLC v Land O'Lakes, Inc.*
   (2006, DC Colo) 438 F Supp 2d 1288................................................11

*Famalore, Inc. v. Edison Bros. Stores, Inc.,*
   525 F. Supp. 940 (E.D. Cal. 1981)....................................................5

*Glover v. Mary Jane M. Elliott, P.C.,*
   2007 U.S. Dist. LEXIS 73605 (W.D. Mich. Oct. 2, 2010).....................7

*Lyons P'ship, L.P. v. Morris Costumes, Inc.,*
   243 F.3d 789 (4th Cir. 2001)............................................................8

*Palmer v. Oakland Farms, Inc.,*
   2010 U.S. Dist. LEXIS 63265 (W.D. Va. June 24, 2010).....................4

*QNX Software Sys. GmbH v. Netrino,*
   2010 U.S. Dist. LEXIS 126251...........................................................8

*Quintana v. Baca,*
   233 F.R.D. 562 (C.D.Cal.2005)........................................................5

*Sara Lee Corp. v. Kayser-Roth Corp.,*
   81 F.3d 455 (4th Cir. 1996)............................................................10

*Surface Shields, Inc. v Poly-Tak Prot. Sys.*
   (2003, ND Ill) 213 FRD 307 .............................................................5

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

*Woodfield v. Bowman*,
  193 F.3d 354 (5th Cir. 1999)................................................................4

**STATUTES**

15 U.S.C. § 1057 ...............................................................................14

15 U.S.C. § 1114(1) ............................................................................9

15 USC § 1067 ..................................................................................15

15 USC § 1069...................................................................................15

15 USC § 1072 ..................................................................................16

15 USCS § 1115 ...........................................................................11, 13


**OTHER AUTHORITIES**

4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 31.14[1] (3d ed. 1995).....................................................10

Fed. R. Civ. P. 8(a) .............................................................................5

Federal Rule 8....................................................................................4

Federal Rule of Civil Procedure 12(b)(6) ...............................................6

Rule 12(e) and (f), and Rules 8 and 9 of the Federal Rules of Civil Procedure................................................................................2

FRCP 9(b) ........................................................................................11

FRCP 12(e).....................................................................................3, 5

FRCP 12(f).................................................................................3, 4, 16

FRCP Rule 8 .....................................................................................4

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

   **NOTICE IS HEREBY GIVEN** that on Tuesday, August 16th, 2011
at 10:00 a.m. in courtroom 21, 5th floor, of the Court for the Central District
of California located at 312 N. Spring St., Los Angeles, CA  before the  Hon.
Ronald S. Lew, Desert European Motorcars, Ltd. Of California ("Plaintiff"),
by and through its undersigned counsel, will and hereby does, move this
Court for an order Striking portions of the Answer and Counterclaim, and
Striking all of the Affirmative Defenses, or in the alternative for a more
definite statement, of the Answer and Counterclaim, pursuant to Rule 12(e)
and (f), and Rules 8 and 9 of the Federal Rules of Civil Procedure.

   **PLEASE TAKE FURTHER NOTICE** that this Motion is made upon
the grounds that portions of the Answer and  Affirmative Defenses therein,
and of the Counterclaim of Complaint of Desert European Motorcars, Inc.
("Defendant"), present an insufficient defense and/or redundant and/or
immaterial matters, and/or are so vague and ambiguous as to prevent
Plaintiff from preparing a response, and that affirmative defenses alleged
therein fail to state a claim as a matter of law.


Dated:       July  6, 2011             Best Best & Krieger LLP



                                       By: _____
                                       G. HENRY WELLES
                                       Attorneys for Plaintiff
                                       DESERT EUROPEAN
                                       MOTORCARS, LTD., a California
                                       corporation,

Best Best & Krieger LLP
Attorneys At Law
Indian Wells

Plaintiff and Counterclaim Defendant Desert European Motorcars, Ltd., ("Plaintiff") respectfully brings its Motion to Strike, or in the alternative Motion for More Definite Statement, as to the Answer and Counterclaim of Desert European Motorcars, Inc. ("Defendant") as follows:

## A.    INTRODUCTION

This case arises out of the Defendant's infringement of Plaintiff's trademark: (1) using the **identical** trademark of the Plaintiff [Desert European Motorcars]; (2)  **in the same industry** [car dealership]; (3) where the **Plaintiff has long established first use** [ten years prior use]; (4) where the **Defendant was placed on actual notice of infringement** only approximately a year after commencing use in 2006; and (5) where **there is ongoing actual confusion** between the businesses as established by customers of Plaintiff, among other things.

Defendant is willfully infringing, tarnishing, and diluting the Plaintiff's trademark, and profiting thereby, on the Internet and elsewhere.  Defendant is further misusing their infringing mark by demanding the Plaintiff purchase it in order to stop the infringing use, an unfair competition.

In response to the Complaint, the Defendant has filed a bogus Answer and Counterclaim containing no less than twenty eight (28) purported affirmative defenses, **none of which state a proper defense and many of which are improper and inapplicable as a matter of law.**  Specific parts of the Defendants' pleading, and each and every one of the affirmative defenses therein, should therefore be stricken under FRCP 12(f).  In the alternative, Defendant should be required to make a more definite statement of the purported claims and defenses pursuant to FRCP 12(e).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1

2

**B.    THE LAW ON MOTIONS TO STRIKE OR FOR MORE DEFINITE STATEMENT**

3

4

5

6

Under Rule 12(f), the Court "may order stricken from any pleading any insufficient defense". Fed. R. Civ. P. 12(f).  An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

7

8

9

10

11

12

13

14

15

16

The Supreme Court clarified the Federal Rule 8 standard in two different opinions. *Bell Atlantic Corp v. Twombly*, 550 U.S. 554 (2007); *Aschroft v. Iqbal*, 129 S. Ct. 1937 (2009). In these opinions, the Supreme Court clarified that Federal Rule 8 required a pleading to offer more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals ... supported by mere conclusory statements, will not suffice." *Iqbal*, 129 S. Ct. at 1949. Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

17

18

19

20

21

Numerous district courts have applied both the *Twombly* and *Iqbal* standards to require a heightened pleading standard for affirmative defenses. *See, e.g., Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, at *13 (W.D. Va. June 24, 2010); *Barnes v. AT&T Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515, at *10 (N.D. Cal. June 21, 2010).

22

23

24

25

26

FRCP Rule 8 further specifies that in order to proceed, even to discovery stage, plaintiff must allege factual predicate concrete enough to warrant further proceedings, since such may be costly and burdensome to defendant. *DM Research, Inc. v College of Am. Pathologists* (1999, CA1 RI) 170 F3d 53, 1999-1.

27

28

Solely in the alternative, the Defendant should be required to make a more definite statement so that the pleading and purported affirmative

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1  defenses contain allegations of specific facts, applied to actual law,

2  sufficient to constitute a defense.

3      The court properly grants such a motion for more definite statement

4  where, as in this case, the pleading is so indefinite that a defendant cannot

5  ascertain the nature of the claim the plaintiff is asserting.  *Bureerong v.*

6  *Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).  Where such is the

7  case, relief under Rule 12(e) is authorized.  *Famalore, Inc. v. Edison Bros.*

8  *Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

9

10  **C.**    <u>**THIS COURT SHOULD STRIKE ALL OF THE AFFIRMATIVE**</u>

11      <u>**DEFENSES IN THE ANSWER**</u>

12      Not a single one of the 28 (twenty eight) purported affirmative

13  defenses states any facts or any sufficient defense whatsoever and they all

14  should be stricken.

15      Affirmative defenses are properly stricken under Fed. R. Civ. P. 8(a)

16  where they consist only of bare bones conclusory allegations unsupported

17  by specific facts. *Surface Shields, Inc. v Poly-Tak Prot. Sys.* (2003, ND Ill)

18  213 FRD 307, motions ruled upon (2003, ND Ill) 2003 US Dist LEXIS

19  13185.

20         **1.**    <u>**First Affirmative Defense**</u>

21      Defendant's First Affirmative Defense for "failure to set forth facts

22  constituting any cause of action" does not constitute a proper defense and

23  must be stricken without leave to amend, because it simply alleges the

24  Plaintiff has failed to state a claim upon which relief can be granted, which is

25  not an affirmative defense. *See Quintana v. Baca,* 233 F.R.D. 562, 564

26  (C.D.Cal.2005). Answers often include this as an "affirmative defense",

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1  usually as the first affirmative defense, but it actually is merely an

2  unnecessary description of the grounds for a motion to dismiss under

3  Federal Rule of Civil Procedure 12(b)(6).

### 2.   Second Affirmative Defense

5  Defendant's Second Affirmative Defense for "unclean hands" does not

6  constitute a proper defense.  The Defendant does not allege *specific facts*

7  upon which this purported defense is based. For example, Defendant

8  alleges the defense arises "by virtue of Plaintiff's conduct" but fails to state

9  any facts about any conduct.   Defendant further globally addresses the

10 unclean hands defense to each claim for relief in the FAC, but fails to allege

11 how unclean hands might apply to each and every one of the different

12 claims.  The purported  affirmative defense as pled is wholly insufficient as a

13 matter of law. *See O'Gara ex rel. Portnick v. Countrywide Home Loans,*

14 *Inc.*, 2010U.S. Dist. LEXIS 77130, at *3-4 (D. Del. July 30, 2010)(striking

15 barebones affirmative defenses sounding in unclean hands).

### 3.   Third Affirmative Defense

17 Defendant's Third Affirmative Defense for "failure to mitigate" does not

18 constitute a proper defense.  The Defendant does not allege *specific facts*

19 upon which this purported defense is based.  Nor does Defendant identify

20 which claims or causes of action in the FAC this purported defense applies

21 to, nor what claimed damages it applies to. *See Thornton v. J Jargon*

22 *Co.*, 580 F. Supp. 2d 1261, 1284 (M.D. Fla. 2008) (dismissing boilerplate

23 affirmative defense sounding in failure to mitigate. *See also Barnes v. AT&T*

24 *Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515, at *12 (N.D. Cal. June

25 22, 2010). Defendant's Third Affirmative Defense is just that, an

26 unsubstantiated boilerplate affirmative defense.  As such, it should be

27 stricken as too threadbare and conclusory.

28

Best Best & Krieger LLP
Attorneys At Law
Indian Wells

### 4.     **Fourth Affirmative Defense**

Defendant's Fourth Affirmative Defense for "Waiver" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. S*ee Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605, at *3-4 (W.D. Mich. Oct. 2, 2010)("broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests").

### 5.     **Fifth Affirmative Defense**

Defendant's Fifth Affirmative Defense for "Estoppel" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. S*ee Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605, at *3-4 (W.D. Mich. Oct. 2, 2010)("broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests").

### 6.     **Sixth Affirmative Defense**

Defendant's Sixth Affirmative Defense for "Statute of Limitations" does not constitute a proper defense.  The Defendant does not allege *specific facts* upon which this purported defense is based.  Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. Nor does Defendant identify which purported statute of

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

1    limitations applies, citing no specific statute or law. As recently held by the

2    Southern District of Florida in *Castillo*, a single threadbare and conclusory

3    affirmative defense simply stating a claim is "barred by the statute of

4    limitations" – is insufficient under and should be stricken. *See* 2010 U.S.

5    Dist. LEXIS 87681,at *10-11.

### 7.    Seventh Affirmative Defense

7    Defendant's Seventh Affirmative Defense for "Laches" does not

8    constitute a proper defense. The Defendant does not allege *specific facts*

9    upon which this purported defense is based.  Nor does Defendant identify

10   which cause of action or claims in the FAC this purported defense applies

11   to. This is another boilerplate, bare-bones affirmative defense, devoid of

12   facts, that must be stricken.  Furthermore the purported defense is alleged

13   to apply "as to each purported claim for relief".

14   The purported defense of laches also must be stricken as to the

15   trademark infringement injunction claim because laches does not bar a

16   plaintiff's claim for injunctive relief in a trademark infringement action, as a

17   matter of law. *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789,

18   797 (4th Cir. 2001). Courts have repeatedly recognized that this defense is

19   unavailable to preclude injunctive relief in a trademark action. *QNX*

20   *Software Sys. GmbH v. Netrino*, 2010 U.S. Dist. LEXIS 126251, *19

### 8.    Eighth Affirmative Defense

22   Defendant's Eighth Affirmative Defense for "Good Faith" does not

23   constitute a proper defense.  The Defendant does not allege *specific facts*

24   upon which this purported defense is based. Defendant does not allege any

25   law upon which it is based. Nor does Defendant identify which cause of

26   action or claims in the FAC this purported defense applies to. This is

27   another boilerplate, bare-bones affirmative defense, devoid of facts, that

28   must be stricken.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

### 9.    Ninth Affirmative Defense

Defendant's Ninth Affirmative Defense for "Privilege" does not constitute a proper defense.  The Defendant does not allege *specific facts* upon which this purported defense is based.  Defendant does not allege any law upon which it is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is another boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 10.    Tenth Affirmative Defense

Defendant's Tenth Affirmative Defense for "Lack of Personal Jurisdiction" does not constitute a proper defense. Defendant does not allege *specific facts* or law upon which this purported defense is based.  Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is another boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 11.    Eleventh Affirmative Defense

Defendant's Eleventh Affirmative Defense for "No Likelihood of Confusion" does not constitute a proper defense. Likelihood of confusion is an element of the cause of action for infringement, and not a proper affirmative defense. 15 U.S.C. § 1114(1).  Furthermore, the Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which the purported defense is based.  Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 12.    Twelfth Affirmative Defense

Defendant's Twelfth Affirmative Defense for "Fair Use" does not constitute a proper defense.  The Defendant does not allege *specific facts*

upon which this purported defense is based. For example, fair use applies only if the mark infringed upon is descriptive, among other things, and that is not alleged within this defense. Defendant does not allege any law upon which the purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 13.   Thirteenth Affirmative Defense

Defendant's Thirteenth Affirmative Defense for "Acquiescence" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which it is based. Nor does Defendants identify which cause of action or claims in the FAC that this purported defense applies to. Furthermore the doctrine of acquiescence only bars an infringement action when the trademark owner conveys through "affirmative word  or deed" express or implied consent to the infringement. *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 462 (4th Cir. 1996). *See also* 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 31.14[1] (3d ed. 1995)). No such affirmative word or deed is alleged in the purported defense, and the facts establish the contrary:  Defendant received a cease and desist letter from the Plaintiff the first year Defendant began infringing. That is the opposite of acquiescence.

### 14.   Fourteenth Affirmative Defense

Defendant's Fourteenth Affirmative Defense for "Innocent Intent" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which it is based. Nor does Defendants identify which cause of action or claims in the FAC this purported defense applies to.

Best Best & Krieger LLP
Attorneys At Law
Indian Wells

Furthermore, "innocent intent" is not a valid defense. Apparently Defendant means to allege the "innocent use" defense. 15 USCS § 1115. The Defendant has failed to plead facts establishing the elements of such a defense. More importantly, the defense is inapplicable in this case because defendants did not claim that the mark was incontestable. *Cache La Poudre Feeds, LLC v Land O'Lakes, Inc.* (2006, DC Colo) 438 F Supp 2d 1288.

### 15. Fifteenth Affirmative Defense

Defendant's Fifteenth Affirmative Defense for "Descriptive" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which the purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is another boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 16. Sixteenth Affirmative Defense

Defendant's Sixteenth Affirmative Defense for fraud does not satisfy the heightened pleading requirements of FRCP 9(b), which states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Defendant does not state with particularity the circumstances constituting the alleged fraud. Nor does Defendant identify which causes of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 17. Seventeenth Affirmative Defense

Defendant's Seventeenth Affirmative Defense for "Trademark Misuse" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which the purported defense is based. Nor does

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 18.   Eighteenth Affirmative Defense

Defendant's Eighteenth Affirmative Defense for "Invalidity of Trademark" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Furthermore because Plaintiff's mark is registered with the USPTO it is presumed valid, and Defendant has the burden of proof in challenging the validity of the mark, yet has alleged no facts to address that burden. Defendant does not allege any law upon which the purported defense is based, nor on what legal basis the trademark is purportedly invalid. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.   Furthermore trademark invalidity does not appear to be a proper affirmative defense at all, but rather a claim to be brought as a counterclaim.

### 19.   Nineteenth Affirmative Defense

Defendant's Nineteenth Affirmative Defense for "remedies at law are adequate" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which the purported defense is based.   Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken. Furthermore the affirmative defense is nonsensical because trademark law expressly allows for injunctive relief, which is a remedy in equity, not law.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

### 20.    Twentieth Affirmative Defense

Defendant's Twentieth Affirmative Defense for "no irreparable harm" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which the purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 21.    Twenty First Affirmative Defense

Defendant's Twenty first Affirmative Defense for "not distinctive and has not acquired secondary meaning" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Defendant does not allege any law upon which the purported defense is based.  Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 22.    Twenty Second Affirmative Defense

Defendant's Twenty Second Affirmative Defense for "claims barred under 15 U.S.C. § 1115" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based.  Defendant does not allege which if any of the multiple potential defenses under §1115 are being asserted. Furthermore many, if not all, such potential defense are attempted to be asserted in the Answer, making this purported defense redundant. Furthermore, Defendant does not identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

### 23.   Twenty Third Affirmative Defense

Defendant's Twenty Third Affirmative Defense for "improper venue" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken.

### 24.   Twenty Fourth Affirmative Defense

Defendant's Twenty Fourth Affirmative Defense for "common law good faith junior user" does not constitute a proper defense. The Defendant does not allege *specific facts* upon which this purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken. Defendant has the burden of proof and presents no allegations that could possibly meet that burden.

### 25.   Twenty Fifth Affirmative Defense

Defendant's Twenty Fifth Affirmative Defense for "barred under 15 U.S.C. § 1057" does not constitute a proper defense. 15 USC § 1057 addresses certificates of trademark registration and does not appear to provide for any defense to infringement whatsoever. The Defendant does not allege *specific facts* upon which this purported defense is based. Nor does Defendant identify any specific law that might be applied, nor which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken. Defendant has the burden of proof and presents no allegations that could possibly meet that burden.

### 26.   Twenty Sixth Affirmative Defense

Defendant's Twenty Sixth Affirmative Defense for "concurrent use" does not constitute a proper defense. The Defendant does not allege

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

specific facts upon which this purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken. Furthermore, the facts as alleged establish that Defendant began using the mark in 2006, where the Plaintiff had ten years prior use, and only approximately one year later on discovery, Plaintiff sent a cease and desist letter, and this does not establish a prima facie concurrent use defense.

### 27. Twenty Seventh Affirmative Defense

Defendant's Twenty Seventh Affirmative Defense for "claims barred under 15 USC § 1067" does not constitute a proper defense. The Defendant does not allege specific facts upon which this purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken. Furthermore, this does not appear to state any valid affirmative defense available at law, and/or is not applicable to this lawsuit.

### 28. Twenty Eighth  Affirmative Defense

Defendant's Twenty Eighth Affirmative Defense for "claims barred under 15 USC § 1069" does not constitute a proper defense. The Defendant does not allege specific facts upon which this purported defense is based. Nor does Defendant identify which cause of action or claims in the FAC this purported defense applies to. This is a boilerplate, bare-bones affirmative defense, devoid of facts, that must be stricken. Furthermore, this does not appear to state any valid affirmative defense available at law and/or is not applicable to this lawsuit. In particular § 1609 applies to proceedings before the USPTO.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

**D.    THIS COURT SHOULD STRIKE ADDITIONAL PORTIONS OF THE ANSWER AND COUNTERCLAIM UNDER FRCP 12(f)**

Rule 12(f) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The following matters should be stricken from the Answer and Counterclaim:

**1.    The phrase**: "expressly denies that it [Defendant] was on . . . constructive notice that Plaintiff had registered with the United States Patent and Trademark Office and was so protected." (Answer and Counterclaim, p. 3:11-13.)

This allegation should be stricken because it is wrong as a matter of law. 15 USC § 1072 of the Lanham Act provides:

"§1072. Registration as constructive notice of claim of ownership

Registration of a mark on the principal register provided by this Act or under the Act of March 3, 1981, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof."

**2.    The phrase**: "and attorney fees". (Answer and Counterclaim p. 11: 18.)

This phrase should be stricken because it fails to state a claim or defense and is insufficient.  There are no allegations in the Answer to which support this "prayer" for relief.  None of the stated denials or affirmative defenses allege the Defendant is entitled to attorney fees.   There is only this conclusory prayer.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

**3.     The phrase**: "<u>PETITION TO CANCEL REGISTERED TRADEMARK WITH USPTO</u>  18.  DEMI intends to file a Petition to Cancel Counterdefendant's purported trademark, or in the alternative, a petition to concurrently use the term "Desert European Motorcars".  (Answer and Counterclaim p. 13:6-8.)

This allegation should be stricken. The Defendant may attempt to file a petition before the USPTO [notwithstanding such would be totally lacking in merit] but that does not constitute a defense in this action and is immaterial.  Furthermore, Defendant admits this purported petition has not even been filed yet, and the fact all that is alleged is *speculation* that it may be filed further establishes the immateriality of the allegation.

**4.     The phrase**: "B.  For preliminary and permanent injunctive relief restraining and enjoining Desert European Motorcars, Ltd.'s from attempting to enforce an injunction against, or otherwise prevent Desert European Motorcars, Inc. from using the term "Desert European Motorcars". (Answer and Counterclaim, p. 14:11-15).

This allegation should be stricken because it is nonsensical and fails to state a valid claim or defense.  For Defendant to ask this court to enter a second injunction prohibiting Plaintiff from enforcing the very injunction that Plaintiff seeks from this court is frankly bizarre.

**5.     The phrase**: "and reasonable attorney's fees pursuant to the provisions of any applicable statue or law.  (Answer and Counterclaim, p. 14:14.)

This phrase should be stricken because it fails to state a claim or defense and is insufficient.  There are no allegations in the Answer or counterclaim which support this "prayer" for relief.  None of the stated denials or affirmative defenses allege the Defendant is entitled to attorney

Best Best & Krieger LLP
Attorneys At Law
Indian Wells

1    fees. Furthermore, no specific statue or law is stated as purported authority

2    for the claim.

3    **E.**    **CONCLUSION**

4         Defendant's Answer and Counterclaim is defective for all the

5    foregoing reasons, and the Motion to Strike, or in the Alternative for More

6    Definite Statement, should be granted.

7

8    Dated:    July 6, 2011                    Best Best & Krieger LLP

9

10   By:_____

11                                             G. HENRY WELLES
                                              Attorneys for Plaintiff
12                                            DESERT EUROPEAN
                                              MOTORCARS, LTD., a California
13                                            corporation,

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
INDIAN WELLS

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is 74-760 Highway 111, Suite 200, Indian Wells, California 92210. On July 6, 2011, I served the following document(s):

> NOTICE OF MOTION AND MOTION TO STRIKE OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT REGARDING ANSWER AND COUNTERCLAIM OF DESERT EUROPEAN MOTORCARS, INC.

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below (specify one):

☐ Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Indian Wells, California.

☐ **By personal service.** At _____ a.m./p.m., I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an Individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. A Declaration of Messenger is attached.

Best Best & Krieger LLP
Attorneys At Law
Indian Wells

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Sahm Manouchehir, Esq.
1901 Avenue of the Stars
Second Floor
Los Angeles, CA 90067
Fax: (310)461-1462

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 6, 2011, at Indian Wells, California.

_Ofelia Granados-Driver_
Ofelia Granados-Driver

77370.00014\6277120.2                    -20-                    MOTION TO STRIKE