O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Desert European Motorcars,
Ltd., a California
corporation,

                    Plaintiff,

          v.

Desert European Motorcars,
Inc., dba Desert European
Motorcars, an Arizona
corporation, and DOES 1-10
inclusive,

                    Defendants.

Desert European Motorcars,
Inc., dba Desert European
Motorcars, an Arizona
corporation,

                    Counterclaimant,

          v.

Desert European Motorcars,
Ltd., a California
corporation

                    Counterdefendant.

EDCV 11-197 RSWL (DTBx)

**ORDER Re: Plaintiff's
Motion To Strike, Or In
The Alternative, For
More Definite Statement
[15]**

     On August 23, 2011, Plaintiff and Counterdefendant
Desert European Motorcars, Ltd.'s Motion to Strike, or

1  in the alternative, For More Definite Statement [15]

2  came on for regular calendar before this Court.  Having

3  considered all the papers and arguments pertaining to

4  this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

5       The Court hereby **GRANTS IN PART AND DENIES IN PART**

6  Plaintiff and Counterdefendant's Motion.

7  **I.   <u>Legal Standard</u>**

8       Federal Rule of Civil Procedure 12(f) sets forth

9  that "[t]he court may strike from a pleading an

10 insufficient defense or any redundant, immaterial,

11 impertinent, or scandalous matter." Fed. R. Civ. P.

12 12(f).  Federal Rule of Civil Procedure 8(b)(A)

13 requires that a party state a short and plain statement

14 in its defenses when responding to a pleading. Fed. R.

15 Civ. P. 8(b)(A).  However, properly pleaded affirmative

16 defenses must "give plaintiff fair notice of the

17 defense." <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 827

18 (9th Cir. 1979).  Where a court strikes an affirmative

19 defense, leave to amend should be freely given so long

20 as there is no prejudice to the moving party. <u>Id.</u> at

21 826.

22      Plaintiff and Counterdefendant Desert European

23 Motorcars, Ltd. ("Plaintiff") moves to strike all

24 twenty-eight of Defendant and Counterclaimant Desert

25 European Motorcars, Inc.'s ("Defendant") affirmative

26 defenses and portions of Defendant's Answer and

27 Counterclaim pursuant to Federal Rule of Civil

28 Procedure 12(f).  In the alternative, Plaintiff moves

1   for a more definite statement pursuant to Federal Rule
2   of Civil Procedure 12(e).

3   **II.  Discussion**

4        **A.  Plaintiff's Request for Judicial Notice**

5        The Court **GRANTS** Plaintiff's Request for Judicial
6   Notice of the motion to suspend granted by the
7   Trademark Trial and Appeal Board pursuant to Federal
8   Rule of Evidence 201. Fed. R. Evid. 201. See <u>United</u>
9   <u>States v. 14.02 Acres of Land More or Less in Fresno</u>
10  <u>Cnty.</u>, 547 F.3d 943, 955 (9th Cir. 2008) (citing
11  <u>Interstate Natural Gas Co. v. S. Cal. Gas Co.</u>, 209 F.2d
12  380, 385 (9th Cir. 1954)).

13       **B.  Plaintiff's Motion to Strike Defendant's**
14           **Affirmative Defenses**

15           1.  <u>Plaintiff's Motion To Strike The First</u>
16               <u>Affirmative Defense Of Failure To State A</u>
17               <u>Claim</u>

18       The Court **GRANTS** Plaintiff's Motion to Strike the
19  first affirmative defense of Failure to State a Claim.

20       The Court finds that failure to state a claim is an
21  assertion of a defect in Plaintiff's prima facie case,
22  and not an affirmative defense. <u>J & J Sports</u>
23  <u>Prods., Inc. v. Enedina Soto</u>, 2010 WL 3911467, at
24  *1 (S.D. Cal. Sept. 28, 2010). Furthermore, the Court
25  finds that this affirmative defense is a mere legal
26  conclusion without supporting facts linking that theory
27  to the Case at bar, and therefore is insufficient to
28  give Plaintiff fair notice of the basis of this

1  defense. <u>Qarbon.com, Inc. v. eHelp Corp.</u>, 315 F. Supp.
2  2d 1046, 1049 (C.D. Cal. 2004),

3       Accordingly, the Court **STRIKES without leave to**
4  **amend** Defendant's first affirmative defense of Failure
5  to State a Claim.

6            2.   <u>Plaintiff's Motion To Strike The Second</u>
7               <u>Affirmative Defense Of Unclean Hands</u>

8       The Court **GRANTS** Plaintiff's Motion to Strike the
9  second affirmative defense of Unclean Hands.

10       The Court finds that Defendant's second affirmative
11  defense fails to allege sufficient facts so as to put
12  Plaintiff on fair notice of the defense. <u>See CTF Dev.,</u>
13  <u>Inc. v. Penta Hospitality, LLC</u>, 2009 WL 3517617, *7
14  (N.D. Cal. Oct. 26, 2009) (finding that "simply stating
15  that a claim fails due to plaintiff's unclean hands is
16  not sufficient to notify the plaintiff what behavior
17  has allegedly given them 'unclean hands'").
18  Specifically, the Court finds this affirmative defense
19  "simply states a legal conclusion or theory without the
20  support of facts explaining how it connects to the
21  instant case," and is therefore insufficient to provide
22  fair notice to Plaintiff. <u>Pepsico, Inc. v. J.K.</u>
23  <u>Distribs., Inc</u>., 2007 WL 2852647, at *2 (C.D. Cal.
24  Sept. 14, 2007).

25       Accordingly, the Court **GRANTS** Plaintiff's Motion to
26  Strike the second affirmative defense of Unclean Hands.
27  However, because Defendant may be able to allege
28  additional facts here to support this affirmative

1    defense, the Court **STRIKES with 20 days leave to amend**
2    Defendant's second affirmative defense of Unclean
3    Hands.

4              3.    Plaintiff's Motion To Strike The Third
5                    Affirmative Defense Of Failure To Mitigate

6         The Court **DENIES** Plaintiff's Motion to Strike the
7    third affirmative defense of Failure to Mitigate.

8         "[C]ourts have typically held that a generalized
9    statement ... meets defendant's pleading burden with
10   respect to the affirmative defense of damage
11   mitigation." Bd. of Trs. of San Diego Elec. Pension
12   Trust v. Bigley, Elec., Inc., 2007 WL 2070355, at *3
13   (S.D. Cal. July 12, 2007).  As such, the Court finds
14   that, while this affirmative defense contains a
15   generalized statement, Defendant has met his pleading
16   burden here with respect to this defense.

17        Accordingly, the Court **DENIES** Plaintiff's Motion to
18   Strike the third affirmative defense of Failure to
19   Mitigate.

20             4.    Plaintiff's Motion To Strike The Fourth
21                   Affirmative Defense Of Waiver

22        The Court **GRANTS** Plaintiff's Motion to Strike the
23   fourth affirmative defense of Waiver.

24        To establish waiver, Defendant must show that
25   Plaintiff intentionally relinquished or abandoned a
26   known right. United States v. Perez, 116 F.3d 840, 845
27   (9th Cir. 1997). See J&J Sports Prods., Inc. v.
28   Montanez, 2010 WL 5279907, at *3.

1    Here, Defendant's Answer and Counterclaim fails to
2    set forth any facts with respect to this alleged
3    waiver.  As such, the Court finds that this affirmative
4    defenses is a mere reference to a legal doctrine and is
5    insufficient to give Plaintiff fair notice of the
6    alleged acts giving rise to this defense. <u>See</u>
7    <u>Qarbon.com Inc. v. eHelp Corp.</u>, 315 F. Supp. 2d 1046,
8    1049 (N.D. Cal. 2004)(noting that "[a] reference to a
9    doctrine, like a reference to statutory provisions, is
10   insufficient notice" and does not meet the pleading
11   standard of Rule 8(b)).
12       Accordingly, the Court **GRANTS** Plaintiff's Motion to
13   Strike the fourth affirmative defense of Waiver.
14   However, because Defendant may be able to allege
15   additional facts to support this affirmative defense,
16   the Court **STRIKES with 20 days leave to amend**
17   Defendant's fourth affirmative defense of Waiver.
18              5.   <u>Plaintiff's Motion To Strike The Fifth</u>
19                   <u>Affirmative Defense Of Estoppel</u>
20       The Court **GRANTS** Plaintiff's Motion to Strike the
21   fifth affirmative defense of Estoppel.
22       To establish a defense of estoppel, "a party must
23   show that the adverse party, either intentionally or
24   under circumstances that induced reliance, engaged in
25   conduct upon which [the relying party] relied and that
26   the relying party acted or changed [its] position to
27   [its] detriment." <u>Solis v. Couturier</u>, 2009 WL 2022343,
28   at *2 (E.D. Cal. July 8, 2009).

1    Here, Defendant's Answer and Counterclaim fails to
2 set forth any facts or information with respect to
3 Plaintiff's inducement or Defendant's detrimental
4 reliance.  As such, the Court finds that Defendant
5 merely pleads a legal conclusion here, and therefore
6 fails to give Plaintiff fair notice of the conduct
7 giving rise to this defense. <u>See</u> <u>id.</u>

8    Accordingly, the Court **GRANTS** Plaintiff's Motion to
9 Strike the fifth affirmative defense of Estoppel.
10 However, because Defendant may be able to allege
11 additional facts to support this affirmative defense,
12 the Court **STRIKES with 20 days leave to amend**
13 Defendant's fifth affirmative defense of Estoppel.

14         6.   <u>Plaintiff's Motion To Strike The Sixth</u>
15              <u>Affirmative Defense Of Statute Of</u>
16              <u>Limitations</u>

17    The Court **GRANTS** Plaintiff's Motion to Strike the
18 sixth affirmative defense of Statute of Limitations.

19    The Court finds that Defendant fails to plead
20 sufficient facts here to give Plaintiff fair notice as
21 to how this Action is barred by the applicable statute
22 of limitations. <u>See</u> <u>J&J Sports Prods., Inc. v.</u>
23 <u>Montanez</u>, 2010 WL 5279907, at *3 (E.D. Cal. Dec. 13,
24 2010)(striking defendants' affirmative defense for
25 statute of limitations based on the fact that
26 defendants failed to plead any facts or legal theory to
27 give plaintiff notice of how the action was barred by
28 the statute of limitations).  Specifically, Defendant

1  fails to plead any facts here regarding this defense,
2  merely setting forth that the Action is barred by the
3  applicable statutes of limitations. See CTF Dev., Inc.
4  v. Penta Hospitality, LLC, 2009 WL 3517617, at *8 (N.D.
5  Cal. Oct. 26, 2009).  As such, the Court finds that
6  this affirmative defense pleads a legal conclusion and
7  therefore fails to give Plaintiff fair notice of the
8  defense.

9      Accordingly, the Court **GRANTS** Plaintiff's Motion to
10 Strike the sixth affirmative defense of Statute of
11 Limitations.  However, because Defendant may be able to
12 allege additional facts to support this affirmative
13 defense, the Court **STRIKES with 20 days leave to amend**
14 Defendant's sixth affirmative defense of Statute of
15 Limitations.

16          7.  Plaintiff's Motion To Strike The Seventh
17              Affirmative Defense Of Laches
18     The Court **GRANTS** Plaintiff's Motion to Strike the
19 seventh affirmative defense of Laches.
20     "[L]aches is a valid defense to Lanham Act claims
21 for both monetary damages and injunctive relief."
22 Miller v. Glenn Miller Prods., 318 F. Supp. 2d 923, 941
23 (C.D. Cal. 2004).  In order to establish the defense of
24 laches, "a defendant must allege 'neglect or delay in
25 bringing suit to remedy an alleged wrong, which taken
26 together with lapse of time and other circumstances,
27 causes prejudice to the adverse party and operates as
28 an equitable bar.'" Advanced Cardovascular Sys, Inc. v.

1  <u>Medtronic, Inc.</u>, 1996 WL 467273, at \*4 (N.D. Cal. July
2  24, 1996)(quotation omitted).

3      Here, the Answer and Counterclaim fails to set
4  forth any facts regarding how Plaintiff's conduct
5  allegedly gave rise to this defense of laches.  As
6  laches is an equitable doctrine and "its application
7  depends on the facts of the particular case," the Court
8  finds that Defendant fails to set forth sufficient
9  facts to give Plaintiff fair notice of the conduct
10  giving rise to this defense. <u>Id.</u>

11      Accordingly, the Court **GRANTS** Plaintiff's Motion to
12  Strike the seventh affirmative defense of Laches.
13  However, because Defendant may be able to allege
14  additional facts to support this affirmative defense,
15  the Court **STRIKES with 20 days leave to amend**
16  Defendant's seventh affirmative defense of Laches.

17          8.  <u>Plaintiff's Motion To Strike The Eighth</u>
18              <u>Affirmative Defense Of Good Faith</u>

19      The Court **GRANTS** Plaintiff's Motion to Strike the
20  eighth affirmative defense of Good Faith.

21      Defendant's eight affirmative defense alleges that
22  "it acted in good faith with respect to the matters
23  asserted in the [First Amended Complaint]." [Def.'s
24  Answer and Counterclaim, 8.]  While "[g]ood faith or
25  lack of wrongful intent does not provide valid defense
26  to charge of trademark infringement," the Court finds
27  that the Answer and Counterclaim fails to set forth
28  sufficient facts regarding the applicability of this

defense to the additional claims at issue in this Action. <u>Coca-Cola Co. v. Overland, Inc.</u>, 692 F.2d 1250 (9th. Cir. 1982).  Therefore, the Court finds that Defendant fails to give Plaintiff fair notice as to the nature of this defense. See <u>J&J Sports Prods., Inc. v. Montanez</u>, 2010 WL 5279907, at *3 (E.D. Cal. Dec. 13, 2010).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike the eighth affirmative defense of Good Faith. However, because Defendant may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend** Defendant's eighth affirmative defense of Good Faith.

> 9.   <u>Plaintiff's Motion To Strike The Ninth Affirmative Defense Of Privilege</u>

The Court **GRANTS** Plaintiff's Motion to Strike the ninth affirmative defense of Privilege.

Here, Defendant's Answer and Counterclaim fails to set forth any facts with respect to this defense of privilege.  As such, the Court finds that Defendant's Answer and Counterclaim is "completely devoid of facts or allegations suggesting how the defenses might apply to this case," and therefore fails to give Plaintiff fair notice of this defense. <u>Scott v. Fed. Bond & Collection Serv., Inc.</u>, 2011 WL 176846, at *5 (N.D. Cal. Jan. 19, 2011). See <u>Qarbon.com Inc. v. eHelp Corp.</u>, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

Accordingly, the Court **GRANTS** Plaintiff's Motion to

Strike the ninth affirmative defense of Privilege. However, because Defendant may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend** Defendant's ninth affirmative defense of Privilege.

>           10.  Plaintiff's Motion To Strike The Tenth
>                Affirmative Defense Of Lack Of Personal
>                Jurisdiction

The Court **DENIES** Plaintiff's Motion to Strike the tenth affirmative defense of Lack of Personal Jurisdiction.

The Court finds Defendant has met its pleading burden here with respect to this affirmative defense. Specifically, the Answer and Counterclaim set forth sufficient facts regarding the nature of this defense, such as the allegation that Defendant is organized under the laws of Arizona, has its principal place of business in Tucson, Arizona and does its business exclusively in the state of Arizona. [Def.'s Answer and Counterclaim, 2.] As such, the Court finds that Defendant pleads sufficient facts here to withstand this Motion to Strike. See Monster Cable Prods., Inc. v. Avalanche Corp., 2009 WL 650369, at *3 (N.D. Cal. March 11, 2009).

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike the tenth affirmative defense of Lack of Personal Jurisdiction.

>           11.  Plaintiff's Motion To Strike The Eleventh

1            Affirmative Defense Of No Likelihood Of

2            Confusion

3     The Court **GRANTS** Plaintiff's Motion to Strike the

4 eleventh affirmative defense of No Likelihood of

5 Confusion.

6     "[D]enials of the allegations in the Complaint or

7 allegations that the Plaintiff cannot prove the

8 elements of his claims are not affirmative defenses."

9 Scott., 2011 WL 176846, at *6.  Here, this affirmative

10 defense is an allegation that Plaintiff cannot prove an

11 element of its claim for trademark infringement based

12 on the fact that there is allegedly no likelihood of

13 confusion. See 15 U.S.C. § 1114(1). See also Wetzel's

14 Pretzels, LLC v. Johnson, 2011 WL 2533315 (C.D. Cal.

15 June 27, 2011)(noting that likelihood of confusion is a

16 central element for a trademark infringement claim).

17 Therefore, the Court finds that this is an assertion of

18 a defect in Plaintiff's prima facie case and not an

19 affirmative defense.

20     Accordingly, the Court **STRIKES without leave to**

21 **amend** Defendant's eleventh affirmative defense of No

22 Likelihood of Confusion.

23       12. Plaintiff's Motion To Strike The Twelfth

24         Affirmative Defense Of Fair Use

25     The Court **GRANTS** Plaintiff's Motion to Strike the

26 twelfth affirmative defense of Fair Use.

27     Fair use is an defense to trademark infringement,

28 and is defined by the Lanham Act as a "defense when

'the use of the ... term, or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the [defendant's] goods or services[.]'" <u>Bell v. Harley Davidson Motor Co.</u>, 539 F. Supp. 2d 1249, 1256 (S.D. Cal. 2008)(quoting 15 U.S.C. § 1115(b)(4)).  "The precise elements of the classic fair use defense are that the defendant (1) is not using the term as a trademark, (2) uses the term only to describe its goods and services, and (3) uses the term fairly and in good faith." <u>Bell</u>, 539 F. Supp. 2d at 1257.

The Court finds that Defendant fails to set forth sufficient facts to put Plaintiff on fair notice of this defense of fair use.  Specifically, the Answer and Counterclaim fails to set forth facts regarding the collective elements of this defense and how it applies to this instant Action. <u>Monster Cable Prods., Inc.</u>, 2009 WL 650369, at *1 (N.D. Cal. March 11, 2009).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike the twelfth affirmative defense of Fair Use.  However, because Defendant may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend** Defendant's twelfth affirmative defense of Fair Use.

13. <u>Plaintiff's Motion To Strike The Thirteenth Affirmative Defense Of Acquiescence</u>

The Court **GRANTS** Plaintiff's Motion to Strike the thirteenth affirmative defense of Acquiescence.

"An infringement action may be barred by the doctrine of estoppel by acquiescence where the owner of the trademark, by conveying to the defendant through affirmative word or deed, expressly or impliedly consents to the infringement." <u>Sara Lee Corp. v. Kayser-Roth Corp.</u>, 81 F.3d 455, 463 (4th Cir. 1996). This defense implies active consent to an infringing use of the mark.

Here, Defendant's Answer and Counterclaim fails to set forth any facts concerning how Plaintiff's actions gave rise to this defense of acquiescence.  As such, the Court finds that this affirmative defense is conclusory and fails to give Plaintiff fair notice. <u>See Schecter v. Comptroller</u>, 79 F.3d 265, 270 (2d Cir. 1996).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike the thirteenth affirmative defense of Acquiescence.  However, because Defendant may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend** Defendant's thirteenth affirmative defense of Acquiescence.

> 14.  <u>Plaintiff's Motion To Strike The Fourteenth Affirmative Defense Of Innocent Intent</u>

The Court **DENIES** Plaintiff's Motion to Strike the

1  fourteenth affirmative defense of Innocent Intent.

2      Defendant appears to be asserting here the
3  affirmative defense of "innocent use."  15 U.S.C. §
4  1115(b)(5) sets forth that innocent use is a defense to
5  trademark infringement when the party charged with
6  infringement continuously used the mark "without
7  knowledge of the registrant's prior use" from a date
8  prior to (A) the date of constructive use of the mark
9  ... , (B) the registration of the mark ... , or (C)
10  publication of the registered mark." 15 U.S.C. §
11  1115(b)(5).

12      Here, Defendant alleges in its Answer and
13  Counterclaim that it used the mark "Desert European
14  Motorcars," without knowledge of Plaintiff's use of the
15  mark, prior to the date of Plaintiff's registration of
16  the mark.  As such, the Court finds that Defendant has
17  set forth sufficient facts to survive this Motion to
18  Strike, as Plaintiff is on fair notice of the nature of
19  this defense based on the allegations in the Answer and
20  Counterclaim. See Monster Cable Prods., Inc., 2009 WL
21  650369, at *3.

22      Accordingly, the Court **DENIES** Plaintiff's Motion to
23  Strike the fourteenth affirmative defense of Innocent
24  Intent.

25          15.  Plaintiff's Motion To Strike The Fifteenth
26              Affirmative Defense Of Descriptive

27      The Court **GRANTS** Plaintiff's Motion to Strike the
28  fifteenth affirmative defense of Descriptive.

15

1   "The Supreme Court has held that a trademark deemed

2   incontestable under the terms of the Lanham Act cannot

3   be challenged on the ground that the trademark is

4   merely descriptive." <u>Regal Industs., Inc. v. Genal</u>

5   <u>Strap, Inc.</u>, 1993 WL 149983, at *1 (E.D. Pa. May 10,

6   1993)(citing <u>Park 'N Fly, Inc. v. Dollar Park & Fly,</u>

7   <u>Inc.</u>, 469 U.S. 189, 201 (1985)).  However, an

8   allegation that a trademark is not descriptive has been

9   found to be relevant in determinating whether there is

10  likelihood of confusion. <u>See</u> <u>Munters Corp. v. Matsui</u>

11  <u>Amer., Inc.</u>, 909 F.2d 250, 252 (7th Cir. 1990).

12       The Court finds Defendant has failed to meet its

13  pleading burden with respect to this affirmative

14  defense.  Specifically, the Answer and Counterclaim

15  contain no facts "suggesting how the defenses might

16  apply to this case," and therefore fails to give

17  Plaintiff fair notice of this defense. <u>Scott v. Fed.</u>

18  <u>Bond & Collection Serv., Inc.</u>, 2011 WL 176846, at *5

19  (N.D. Cal. Jan. 19, 2011).

20       As such, the Court **GRANTS** Plaintiff's Motion to

21  Strike the fifteenth affirmative defense for

22  Descriptive.  However, because Defendant may be able to

23  allege additional facts to support this affirmative

24  defense, the Court **STRIKES with 20 days leave to amend**

25  Defendant's fifteenth affirmative defense of

26  Descriptive.

27            16.  <u>Plaintiff's Motion To Strike The Sixteenth</u>

28                 <u>Affirmative Defense Of Fraud</u>

1    The Court **GRANTS** Plaintiff's Motion to Strike the
2  sixteenth affirmative defense of Fraud.
3    Pursuant to Federal Rule of Civil Procedure 9(b),
4  Defendant must state with particularity the
5  circumstances constituting the alleged fraud. Fed. R.
6  Civ. P. 9(b). See Operating Eng'rs' Pension Trust Fund
7  v. Fire Rock Prods. Co., 2010 WL 2635782, at *4 (N.D.
8  Cal. June 30, 2010)(noting that defendant must plead
9  the affirmative defense of fraud with particularity).
10  Allegations of fraud must be specific enough to give
11  "defendants notice of the particular misconduct which
12  is alleged to constitute the fraud charged so that they
13  can defend against the charge and not just deny that
14  they have done anything wrong." Bly-Magee v.
15  California, 236 F.3d 1014, 1019 (9th Cir. 2001).
16    The Court finds that Defendant fails to state with
17  particularity the circumstances surrounding the alleged
18  fraud here.  Defendant's sixteenth affirmative defense
19  alleges only that Defendant is "informed and believes
20  and thereon alleges that the claims found within the
21  FAC are barred by Plaintiff's fraud." [Def.'s Answer
22  and Counterclaim, 9.]  Therefore, Defendant "simply
23  states a legal conclusion or theory without the support
24  of facts explaining how it connects to the instant
25  case." Pepsico, Inc. v. J.K. Distribs., Inc., 2007 WL
26  2852647, at *2 (C.D. Cal. Sept. 14, 2007).  As such,
27  the Court finds Defendant has failed to meet the
28  heightened pleading requirement set forth under Federal

17

Rule of Civil Procedure 9(b).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike the sixteenth affirmative defense of Fraud. However, because Defendant may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend** Defendant's sixteenth affirmative defense of Fraud.

> 17.  Plaintiff's Motion To Strike The
>      Seventeenth Affirmative Defense Of
>      Trademark Misuse

The Court **GRANTS** Plaintiff's Motion to Strike the seventeenth affirmative defense of Trademark Misuse.

The Court finds that this affirmative defense is duplicative and unnecessary, as Defendant has already pled the affirmative defense of unclean hands. Specifically, trademark misuse concerns the alleged misconduct of the plaintiff with regard to its trademark, and as such, like the defense of unclean hands, this defense is based on Plaintiff's alleged past misconduct and asserts that Plaintiff is therefore prevented from bringing this present Action based on this past misconduct.[1] See Waco-Porter Corp. v. Tubular

---

[1] The Court also notes that the defense of trademark misuse itself had a fragmented history and may not even exist as its own separate defense. See, e.g., Juno Online Servs., L.P. v. Juno Lighting, Inc., 979 F.Supp. 684, 687-91 (N.D. Ill. 1997)(noting that because the "plaintiff has failed to point the court to a single case in which an American court has used trademark misuse affirmatively, the court is quite skeptical to allow an affirmative claim for trademark misuse").

1   <u>Structures Corp. of Am.</u>, 222 F.Supp. 332 (S.D. Cal.
2   1963). <u>See</u> <u>Kema, Inc. v. Koperwhats</u>, 2010 WL 3464708,
3   at *9 (N.D. Cal. Sept. 1, 2010)(finding defendant's
4   affirmative defense of trademark misuse duplicative
5   because defendant had also plead the defense of unclean
6   hands).  As such, the Court finds this affirmative
7   defense is duplicative and unnecessary and should
8   therefore be stricken. Fed. R. Civ. P. 12(f).

9        Accordingly, the Court **STRIKES without leave to**
10  **amend** Defendant's seventeenth affirmative defense of
11  Trademark Misuse.

12           18.  <u>Plaintiff's Motion To Strike The</u>
13                <u>Eighteenth Affirmative Defense Of</u>
14                <u>Invalidity of Trademark</u>

15       The Court **GRANTS** Plaintiff's Motion to Strike the
16  eighteenth affirmative defense of Invalidity of
17  Trademark.

18       The Court finds that Defendant has failed to plead
19  sufficient facts regarding this affirmative defense of
20  invalidity of the mark.  The Answer and Counterclaim
21  fails to allege facts regarding the basis of the
22  allegedly invalidity of the marks here, as the
23  affirmative defense only pleads that "the claims are
24  barred by the invalidity of Plaintiff's purported
25  marks." [Def.'s Answer and Counterclaim, 10.]  As such,
26  the Court finds that this defense is a mere legal
27  conclusion without supporting facts linking this theory
28  to the Case at bar, and therefore fails to put

1    Plaintiff on fair notice of the basis of this defense.

2    Pepsico, Inc., 2007 WL 2852647, at *2.

3        Accordingly, the Court **GRANTS** Plaintiff's Motion to

4    Strike the eighteenth affirmative defense of Invalidity

5    of Trademark.  However, because Defendant may be able

6    to allege additional facts to support this affirmative

7    defense,[2] the Court **STRIKES with 20 days leave to amend**

8    Defendant's eighteenth affirmative defense of

9    Invalidity of Trademark.

10            19.  Plaintiff's Motion To Strike The

11                 Nineteenth Affirmative Defense Of Remedies

12                 At Law Are Adequate

13       The Court **GRANTS** Plaintiff's Motion to Strike the

14   nineteenth affirmative defense of Remedies At Law Are

15   Adequate.

16       The Court finds that Defendant fails to set forth

17   any facts with respect to the nature or basis of

18   defense.  As such, the Court finds that Defendant's

19   Answer and Counterclaim is "completely devoid of facts

20   or allegations suggesting how the defenses might apply

21

22       [2] While Plaintiff argues that the alleged invalidity of
     trademark should instead be asserted as a counterclaim, the Court
23   finds that invalidity of trademark can constitute an affirmative
     defense, as long as Defendant pleads sufficient facts regarding
24   the basis for the invalidity of the marks. See, e.g., Maq
     Instrument, Inc. v. JS Prods., Inc., 595 F. Supp. 2d 1102 (C.D.
25   Cal. 2008)(discussing the defendant's affirmative defense of
     invalidity of the trademark); Computerland Corp. v. Microland
26   Computer Corp., 586 F. Supp. 22 (N.D. Cal. 1984)(noting that
     "invalidity or unprotectability of a registered trademark is
27   effectively an affirmative defense to claims of infringement,
     unfair source designation and other allegations of unfair
28   competition").

to this case," and therefore fails to give Plaintiff
fair notice of this defense. <u>Scott v. Fed. Bond &</u>
<u>Collection Serv., Inc.</u>, 2011 WL 176846, at *5 (N.D.
Cal. Jan. 19, 2011). <u>See J & J Sports Prods., Inc. v.</u>
<u>Jimenez</u>, 2010 WL 5173717, at *2 (S.D. Cal. Dec. 15,
2010)(granting plaintiff's motion to strike the
affirmative defense of "adequate remedy at law" because
it was a mere boilerplate recitation).

Accordingly, the Court **GRANTS** Plaintiff's Motion to
Strike the nineteenth affirmative defense of Remedies
At Law Are Adequate.  However, because Defendant may be
able to allege additional facts to support this
affirmative defense, the Court **STRIKES with 20 days**
**leave to amend** Defendant's nineteenth affirmative
defense of Remedies At Law Are Adequate.

> 20.  <u>Plaintiff's Motion To Strike The Twentieth</u>
> <u>Affirmative Defense Of No Irreparable Harm</u>

The Court **GRANTS** Plaintiff's Motion to Strike the
twentieth affirmative defense of No Irreparable Harm.

The Court finds that, similar to the nineteenth
affirmative defense, Defendant's Answer and
Counterclaim fails to set forth any facts with respect
to the affirmative defense of No Irreparable Harm.
Therefore, the Court finds that Defendant has failed to
meet its pleading burden here, as "[b]ased on the
pleadings, Plaintiff cannot know the intent or nature
of the affirmative defenses pleaded." <u>J & J Sports</u>
<u>Prods., Inc.</u>, 2010 WL 5173717, at *2.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike the twentieth affirmative defense of No Irreparable Harm.  However, because Defendant may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend** Defendant's twentieth affirmative defense of No Irreparable Harm.

> 21. <u>Plaintiff's Motion To Strike The Twenty-First Affirmative Defense Of Not Distinctive And Has Not Acquired Secondary Meaning</u>

The Court **DENIES** Plaintiff's Motion to Strike the twenty-first affirmative defense of Not Distinctive And Has Not Acquired Secondary Meaning.

A plaintiff in a trademark infringement claim has the burden to prove that the mark is "distinctive." <u>Kendall-Jackson Winery v. E. & J. Gallo Winery</u>, 150 F.3d 1042, 1046-47 (9th Cir. 1998).  A mark or product is distinctive upon a showing that it has acquired a secondary meaning. <u>Wal-Mart Stores, Inc. v. Samara Bros., Inc.</u>, 529 U.S. 205, 216, (2000).

Here, Defendant alleges that "Plaintiff's trademark claims based on Plaintiff's purported [mark] is barred because the mark is not distinctive and has not acquired secondary meaning." [Def.'s Answer and Counterclaim, 10.]  The Court finds that Defendant has sufficiently plead this defense here, as Defendant sets forth the claims to which this affirmative defense

22

applies, as well as the nature of this defense. <u>See</u>
<u>Monster Cable Prods, Inc. v. Avalanche Corp.</u>, 2009 WL
650369, *1 (N.D. Cal. March 11, 2009)(finding that the
plaintiff had provided fair notice of the affirmative
defense of lack of required distinctiveness when the
defendant had alleged that the marks were
"insufficiently distinctive").

Accordingly, the Court **DENIES** Plaintiff's Motion to
Strike the twenty-first affirmative defense of Not
Descriptive and Has Not Acquired Secondary Meaning.

22. <u>Plaintiff's Motion To Strike The Twenty-</u>
<u>Second Affirmative Defense Of Claims</u>
<u>Barred Under 15 U.S.C. § 1115</u>

The Court **GRANTS** Plaintiff's Motion to Strike the
twenty-second affirmative defense of Claims Barred
Under 15 U.S.C. § 1115.

Once incontestability of a mark has been
established, "only those eight defenses enumerated in
[section] 1115(b) can be interposed in an action for
trademark infringement." <u>Protech Diamond Tools, Inc. v.</u>
<u>Liao</u>, 2009 WL 1626587 (N.D. Cal. June 8, 2009).

The Court finds that Defendant fails to provide
Plaintiff with fair notice as to how 15 U.S.C. § 1115
bars Plaintiff's claims here. <u>Pepsico</u>, 2007 WL 2852647,
at *2. Specifically, eight defenses are enumerated
under Section 1115(b), but the Answer and Counterclaim
fails to set forth facts or allegations here regarding
the specific defense or defenses under Section 1115(b)

23

that bar Plaintiff's claims in this Action.  Therefore, the Court finds that Defendant has not met his pleading burden here with respect to this affirmative defense, as Plaintiff does not have fair notice of how the claims in this Action are barred by this statute.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike the twenty-second affirmative defense of Claims Barred Under 15 U.S.C. § 1115.  However, because Defendant may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend** Defendant's twenty-second affirmative defense of 15 U.S.C. § 1115.

23. Plaintiff's Motion To Strike The Twenty-
Third Affirmative Defense Of Improper
Venue

The Court **DENIES** Plaintiff's Motion to Strike the twenty-third affirmative defense of Improper Venue.

The Court finds Defendant has met its pleading burden here with respect to this affirmative defense of Improper Venue.  Specifically, the Answer and Counterclaim set forth sufficient facts regarding the nature of this defense, such as the fact that Defendant is organized under the laws of Arizona and has its principal place of business in Tucson, Arizona. [Def.'s Answer and Counterclaim, 2.]  Moreover, the Answer and Counterclaim allege that Defendant does not conduct business in the state of California, and but instead conducts business exclusively in the state of Arizona.

24

1   [Id.]  As such, the Court finds that Defendant pleads
2   sufficient facts here to withstand this Motion to
3   Strike, as Plaintiff has fair notice of the asserted
4   defense. See Monster Cable Prods., Inc., 2009 WL
5   650369, at *3.

6       Accordingly, the Court **DENIES** Plaintiff's Motion to
7   Strike the twenty-third affirmative defense of Improper
8   Venue.

9           24.  Plaintiff's Motion To Strike The Twenty-
10              Fourth Affirmative Defense of Common Law
11              Good Faith Junior User

12      The Court **DENIES** Plaintiff's Motion to Strike the
13  twenty-fourth affirmative defense of Common Law Good
14  Faith Junior User.

15      "Under the Tea Rose–Rectanus doctrine, priority of
16  use of a mark in one area of the United States does not
17  give rights to prevent its use by a good faith and
18  innocent user in a remote geographic area." Grupo
19  Gigante S.A. de C.V. v. Dallo & Co., Inc., 119 F. Supp.
20  2d 1083, 1090 (C.D. Cal. 2000), *vacated and remanded on*
21  *other grounds,* 391 F.3d 1088 (9th Cir. 2004).  This
22  common law doctrine "provides for a defense for a
23  junior user if that user proves that (1) its first use
24  was in good faith and (2) its first use was in a remote
25  area." Wood v. Apodaca, 375 F. Supp. 2d 942, 948 (N.D.
26  Cal. 2005).  "A 'remote' territory is one where, at the
27  critical date of the junior user's first use, the
28  senior user's mark was not known by customers in that

territory, such that no one would have been confused as to the source." <u>Hispanic Broad. Corp. v. Educ. Media Found.</u>, 2003 WL 22867633, at *6 (C.D. Cal. Oct. 30, 2003)(quotation omitted).

Here, Defendant alleges in its Answer and Counterclaim that it began using the mark "Desert European Motorcars" in or about March 2006, without any knowledge or notice of Plaintiff's use, and that it sells exclusive in Tucson, Arizona, 350 miles away from where Plaintiff runs its car dealership in Rancho Mirage, California. [Def.'s Answer and Counterclaim, 12.] As such, the Court finds that Defendant has pled sufficient facts here to withstand this Motion to Strike, as Plaintiff has fair notice of this asserted defense. <u>See Monster Cable Prods., Inc.</u>, 2009 WL 650369, at *3.

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike the twenty-fourth affirmative defense of Common Law Good Faith Junior User.

> 25. <u>Plaintiff's Motion To Strike The Twenty-Fifth Affirmative Defense Of Claims Barred Under 15 U.S.C. § 1057</u>

The Court **GRANTS** Plaintiff's Motion to Strike the twenty-fifth affirmative defense of Claims Barred Under 15 U.S.C. § 1057.

15 U.S.C. § 1057 sets forth that, contingent on the registration of a mark on the Principal Register, the filing of the application to register such mark shall

constitute constructive use of the mark, conferring a

right of priority except against any person whose mark

has not been abandoned and who, prior to the

application, has either used or filed an application

themselves. 15 U.S.C. § 1057(c)

Here, Defendant asserts the defense that it was not

on constructive notice of Plaintiff's trademark because

of its prior use of the mark in question.  However, the

Answer already contains language alleging that

Defendant was not on constructive notice based on its

prior use.  Moreover, as Section 1057 only lays out a

definition of constructive use, it is therefore not a

proper affirmative defense in and of itself.

Therefore, the Court finds this affirmative defense

both redundant and improper. Fed. R. Civ. P. 12(f).

Accordingly, the Court **STRIKES without leave to**

**amend** Defendant's twenty-fifth affirmative defense of

Claims Barred Under 15 U.S.C. § 1057.

26. Plaintiff's Motion To Strike The Twenty-
Sixth Affirmative Defense Of Concurrent
Use

The Court **DENIES** Plaintiff's Motion to Strike the

twenty-sixth affirmative defense of Concurrent Use.

The Lanham Act "allows the concurrent registration

and use of the same or similar trademarks in commerce

where a court of competent jurisdiction determines that

such use is appropriate or where 'confusion, mistake or

deception is not likely to result from the continued

27

use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks or the goods in connection with which the marks are used,' provided they become 'entitled to use such marks as a result of the concurrent lawful use in commerce prior to ... the date[] of any registration under' the Act." <u>GTE Corp. v. Williams</u>, 649 F. Supp. 164, 167 n. 3 (D. Utah 1986). A party may seek concurrent use registration based on a court determination of concurrent use rights. 37 C.F.R. § 2.99(f)(1).

The Court finds that Defendant has sufficiently pled this affirmative defense of concurrent use. Specifically, Defendant sets forth in its Answer and Counterclaim that its date of first use was prior to the filing date of Plaintiff's registration and that both Parties were using the mark in commerce, alleging Defendant uses the mark "Desert European Motorcars" exclusively in Tucson while Plaintiff instead uses the mark in California. <u>See</u> <u>BellSouth Corp. v. DataNational Corp.</u>, 60 F.3d 1565, 1571 (Fed. Cir. 1995).  As such, the Court finds that Defendant has pled sufficient facts here to put Plaintiff on fair notice regarding this defense.

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike the twenty-sixth affirmative defense of Concurrent Use.

27. <u>Plaintiff's Motion To Strike The Twenty-</u>

28

**Seventh Affirmative Defense Of Claims**

**Barred Under 15 U.S.C. § 1067**

The Court **GRANTS** Plaintiff's Motion to Strike the twenty-seventh affirmative defense of Claims Barred Under 15 U.S.C. § 1067.

15 U.S.C. § 1067 sets forth the procedure for filing an opposition to registration, an application to register as a lawful concurrent user or for an application to cancel the registration of a mark. 15 U.S.C. § 1067.  As such, the Court finds that Defendant's affirmative defense here is improper, as the statute merely sets forth filing procedures and fails to give rise to an affirmative defense. See Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, *2 (N.D. Cal. March 4, 2005).

Accordingly, the Court **STRIKES without leave to amend** Defendant's twenty-seventh affirmative defense of Claims Barred Under 15 U.S.C. § 1067.

28.  Plaintiff's Motion To Strike The Twenty-

Eighth Affirmative Defense Of Claims

Barred Under 15 U.S.C. § 1069

The Court **GRANTS** Plaintiff's Motion to Strike the twenty-eighth affirmative defense of Claims Barred Under 15 U.S.C. § 1069.

15 U.S.C. § 1069 sets forth that "[i]n all inter partes proceedings equitable principles of laches, estoppel, and acquiescence, where applicable may be considered and applied." 15 U.S.C. § 1069.  However, in

its Answer and Counterclaim, Defendant has pled the
affirmative defenses of laches, estoppel and
acquiescence.  As such, the Court finds that this
affirmative defense is duplicative and redundant. Fed.
R. Civ. P. 12(f).

Accordingly, the Court **STRIKES without leave to**
**amend** Defendant's twenty-eighth affirmative defense of
Claims Barred Under 15 U.S.C. § 1069.

**C.  Plaintiff's Motion To Strike Portions Of Answer**
**And Counterclaim**

Plaintiff also moves to strike portions of the
Answer and Counterclaim pursuant to Federal Rule of
Civil Procedure 12(f).

1.  Plaintiff's Motion To Strike Defendant's
Allegation Regarding Constructive Notice

Plaintiff first moves to strike the phrase in the
Answer and Counterclaim that Defendant "expressly
denies that [Defendant] was on ... constructive notice
that Plaintiff had registered with the United States
Patent and Trademark Office and was so protected."
[Def.'s Answer and Counterclaim, at 3:11-13.]
Plaintiff argues that this allegation should be
stricken because it is wrong as a matter law, given 15
U.S.C. § 1072 of the Lanham Act provides that
Registration of a mark constitutes constructive notice
of the Plaintiff's claim of ownership.

The Court **DENIES** Plaintiff's Motion to Strike
Defendant's allegation regarding constructive notice.

1    15 U.S.C. § 1072 sets forth that "the filing of the

2   application to register such mark shall constitute

3   constructive use of the mark." 15 U.S.C. § 1072.

4   However, 15 U.S.C. § 1057(c) also sets forth that the

5   filing of this application will not constitute

6   constructive notice against a person whose mark has not

7   been abandoned and who, prior to the filing of such

8   application, used the mark, filed an application to

9   register the mark, or has filed a foreign application

10  to register the mark and timely files an application to

11  register the mark. 15 U.S.C. § 1057(c).

12   Defendant alleges in its Answer and Counterclaim

13  that it used the mark prior to Plaintiff's filing of

14  its trademark application, and therefore asserts it was

15  not on constructive notice of the mark here.  As such,

16  the Court finds that Plaintiff fails to establish that

17  this phrase is insufficient as a matter of law, as

18  Defendant has pled sufficient facts here regarding its

19  allegation that it was not on constructive notice of

20  Plaintiff's registration of the mark.

21   Accordingly, the Court **DENIES** Plaintiff's Motion to

22  Strike with regard to this phrase regarding

23  constructive notice.

24            2.   Plaintiff's Motion To Strike Defendant's

25                 Request For Attorney's Fees

26   Plaintiff next moves to strike the two phrases

27  contained in the Answer and Counterclaim setting forth

28  that Defendant is seeking attorneys fees in this

31

Action.[3]

    The Court **GRANTS** Plaintiff's Motion to Strike Defendant's prayer for attorney's fees here.

    The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  A trademark infringement case is exceptional when the record supports a finding that the defendant's infringement was malicious, fraudulent, willful, or deliberate. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).  However, when the defendant seeks attorney's fees, the Ninth Circuit has held that an award of attorney's fees is warranted if the defendant can show that the trademark infringement action was "either groundless, unreasonable, vexatious, or pursued in bad faith." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir. 2002) (internal citations omitted).

    The Court finds that Defendant has failed to sufficient plead its prayer for attorneys fees. Specifically, the Answer and Counterclaim fails to allege that this is an exceptional case here, nor does it allege any facts regarding the groundless, unreasonable, or vexatious nature of this Action. See

---

    [3]  Specifically, Plaintiff seeks to strike the phrase that it is seeking "attorneys fees" on page 11, line 18 of the Answer and Counterclaim, and "reasonable attorney's fees pursuant to the provisions of any applicable statute or law" on page 14, line 14.

1  id.  As such, the Court finds that Defendant fails to
2  put Plaintiff on fair notice of the facts underlying
3  this request for attorney's fees such as to defend
4  against the charge.

5      Accordingly, the Court **GRANTS** Plaintiff's Motion to
6  Strike and **STRIKES with 20 days leave to amend**
7  Defendant's prayer for attorney's fees.

8          3.   Plaintiff's Motion To Strike Defendant's
9               Phrase Regarding Its Intention To File A
10              Petition To Cancel Plaintiff's Trademark

11      Plaintiff moves to strike the phrase in the Answer
12  and Counterclaim setting forth that Defendant intends
13  to file a petition to cancel Plaintiff's trademark, or
14  in the alternative, a petition to concurrently use the
15  term "Desert European Motorcars." [Def.'s Answer and
16  Counterclaim, at 13:6-8.]  Plaintiff argues that this
17  phrase is now immaterial, as Defendant's petition to
18  cancel Plaintiff's trademark has now been stayed
19  pending the outcome in this present Action. [Pl.'s
20  Request for Judicial Notice, Ex. 1.]

21      The Court **GRANTS** Plaintiff's Motion to Strike the
22  phrase at issue here.

23      The Court finds that this phrase regarding
24  Defendant's intent of filing a petition to cancel
25  Plaintiff's trademark is immaterial here.
26  Specifically, while Defendant has filed its petition to
27  cancel Plaintiff's trademark, this petition has been
28  stayed pending the outcome of this present Action.

1   Therefore, the Trademark Trial and Appeal Board will
2   not rule on Defendant's petition prior to the
3   resolution of the rights of the Parties in this instant
4   Action. [Pl.'s Request for Judicial Notice, Ex. 1.]
5        As such, the Court **GRANTS** Plaintiff's Motion to
6   Strike and **STRIKES with 20 days leave to amend** the
7   phrase in the Answer and Counterclaim regarding
8   Defendant's intention of filing a petition to cancel
9   Plaintiff's trademark, or in the alternative, to
10  concurrently use the term "Desert European Motorcars."

            4.   Plaintiff's Motion To Strike Defendant's
                    Request For An Injunction

13       Plaintiff finally moves to strike Defendant's
14  phrase in the Answer and Counterclaim setting forth
15  that Defendant is seeking "preliminary and permanent
16  injunctive relief restraining and enjoining [Plaintiff]
17  from attempting to enforce an injunction against, or
18  otherwise prevent [Defendant] from using the term
19  "Desert European Motorcars." [Def's Answer and
20  Counterclaim, 14:11-15.]
21       The Court **GRANTS** Plaintiff's Motion to Strike this
22  request for injunctive relief.  The Court finds that
23  this request is improper, as Defendant effectively
24  requests that the Court issue an injunction that
25  prevents Plaintiff from enforcing its own injunction.
26       Accordingly, the Court **GRANTS** Plaintiff's Motion
27  and **STRIKES with 20 days leave to amend** this request
28  for injunctive relief.

**D.   Plaintiff's Motion For A More Definite**
      **Statement**

Finally, the Court **DENIES** Plaintiff's Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e).  As noted above, Defendant has set forth sufficient facts with regard to the third, tenth, fourteenth, twenty-first, twenty-third, twenty-fourth, and twenty-sixth affirmative defenses, as well as its allegation regarding constructive notice.

**III. Conclusion**

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Strike, or in the alternative, For A More Definite Statement.

**IT IS SO ORDERED.**


DATED: August 25, 2011


RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge